IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLENE MORRISON,                  )
                                    )
                  Plaintiff,        )
                                    )
        v.                          )        Civil Action No. 07-99
                                    )
NATIONAL CITY HOME LOAN             )        Judge Cercone
SERVICE, INC.,                      )        Magistrate Judge Hay
                                    )
                  Defendant.        )

REPORT AND RECOMMENDATION

I.      RECOMMENDATION

        It is respectfully recommended that the motion to dismiss submitted on behalf of

defendant [Doc. No. 6] be granted.

II.     REPORT

        Plaintiff, Charlene Morrison, commenced this action pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human

Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), alleging that defendant, National City Home

Loan Service, Inc., discriminated against her and subjected her to a hostile work environment

because of her race by harassing her during one-on-one meetings, taking arbitrary and capricious

disciplinary actions, and precluding and hindering her from communicating with clientele.

Complaint ¶¶ 7, 8 [Doc. No. 1].  Plaintiff also alleges that defendant retaliated against her when

she complained to Human Resources, which culminated in her being terminated on or about July

10, 2003.  Id.

Defendant has now filed a motion to dismiss arguing that plaintiff's claims brought under the PHRA are barred by the applicable statute of limitations, and that her claims for hostile work environment and retaliation brought pursuant to Title VII are properly dismissed as plaintiff has failed to exhaust her administrative remedies.

When a complaint is filed in this Court, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Thus, a complaint does not need to contain "detailed factual allegations," but, in order to survive a motion to dismiss, it must nevertheless contain some factual allegations that are sufficient "to raise a right to relief above the speculative level." Id. at 1964-65. It is not enough that there is a "possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 1968-69. In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). The Court is not, however, required to accept as true unsupported conclusions and unwarranted inferences. Schuylkill Energy Resources v. PP&L, 113 F.3d 405, 417 (3d Cir. 1997). The issue is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of her claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Defendant first argues that because plaintiff failed to file her state law claims brought under the PHRA within two years after the Pennsylvania Human Rights Commission ("PHRC") dismissed her charge of discrimination they are time-barred and should be dismissed.

Under the PHRA, a claimant must exhaust her administrative remedies by filing a charge of discrimination with the PHRC before filing an action in court. 43 Pa. C.S.A. § 962(c). See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001) ("Burgh"). The PHRA further provides that the charge of discrimination must be filed with the PHRC within 180 days of the allegedly discriminatory conduct and that, in the event that the Commission dismisses the complaint or otherwise closes its file, the plaintiff must file his or her claim of discrimination in court "within two years after the date of notice from the Commission closing the complaint." 43 Pa. C.S.A. §§ 959(h), 962(c)(2). See Burgh, 251 F.3d at 471.

Here, the PHRC found that plaintiff's complaint of unlawful discrimination should be dismissed and issued a "Notice of Rights of Complainants After Dismissal of Complaint" on August 2, 2004. See Def.'s Exh. B: Notice of Rights Letter [Doc. No. 6-4].[1] It would therefore appear that plaintiff had two years from that date, or until August 2, 2006, to file

---

[1] Generally, in resolving a motion to dismiss courts may consider only the allegations set forth in the complaint, any exhibits submitted with the complaint and matters of public record. Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994). Courts, however, may consider documents outside the complaint if they are referred to in the complaint or are otherwise central to the plaintiff's claims. Pryor v. NCAA, 288 F.3d 548, 559-60 (3d Cir. 2002); Rogan v. Giant Eagle , Inc., 113 F. Supp. 2d 777, 780-81 (W.D. Pa. 2000), aff'd, 276 F.3d 579 (3d Cir. 2001). Here, defendant has attached to its brief a copy of the complaint that plaintiff filed with the PHRC as well as the Notice of Rights Letter issued by the PHRC in August of 2004. Not only has plaintiff referred to the PHRC filing in her complaint but it is clearly central to her claims and is of public record. Thus, the Court has considered the documents without converting the motion to one for summary judgment. Id. See Complaint ¶ 3.

a civil action of discrimination.  Because the instant complaint was not filed until January 26, 2007, it appears to be untimely and plaintiff's state law claims are properly barred.

Plaintiff nevertheless argues that because the letter submitted by defendant is a copy of what *defendant* received, and not plaintiff, that defendant is unable to prove when, or even if, plaintiff received it.  Plaintiff further argues that the EEOC's Right to Sue letter controls, and not the PHRC's Notice of Rights Letter, and that because plaintiff dually filed with the EEOC and the PHRC, the period within which she had to file a court action is equitably tolled.  None of these arguments, however, appears to provide the basis for denying defendant's motion in this regard.

The mere fact that defendant has not produced a copy of the actual letter that was sent to plaintiff does not preclude the inference that it was in fact sent to and received by plaintiff at the same time the notice was sent to and received by defendant.  Indeed, plaintiff does not dispute that the PHRC issued its Notice of Rights Letter on August 2, 2004, nor has she argued that she did not, in fact, receive it.  Because it is evident that the PHRC gave Notice on August 2, 2004, and plaintiff has not offered any reason for the Court to conclude that she did not receive it at the time it was sent, it appears that plaintiff's complaint is untimely.  See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160 (E.D. Pa. 1996) ("Where it is apparent from the complaint and other matters to which a court may properly look in addressing a Rule 12(b)(6) motion that a discrimination plaintiff's claim is time-barred, it may be dismissed").  See also Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

4

document.... Otherwise, a plaintiff with a legally deficient claim could survive a motion to

dismiss simply by failing to attach a dispositive document on which it relied"). Cf. Seitzinger v.

Reading Hospital and Medical Center, 165 F.3d 236, 238-39 (3d Cir. 1999), citing Fed. R. Civ.

P. 6(e) (Finding that where the plaintiff fails to introduce sufficient evidence to identify the date

on which she received the EEOC's right-to-sue letter, the Court "will apply the Federal Rules'

presumption that a party receives a document three days after it was mailed").

    Nor do we find plaintiff's argument that the EEOC's Right to Sue letter controls

persuasive.  Relying on Albright v. City of Philadelphia, 399 F. Supp. 2d 575, 583 (E.D. Pa.

2005), plaintiff specifically argues that the time period within which a suit must be filed is

triggered by a final agency action and that the right to sue letter issued by the PHRC does not

constitute a final agency action by the EEOC since it does not say anything about a 90-day period

in which to file in federal court.  The obvious difficulty with plaintiff's argument is that she has

relied on the portion of the Albright case in which the Court was addressing the plaintiff's Title

VII claim and not her claims brought under the PHRA.  Certainly, the right to sue letter issued by

the PHRC would have no bearing on the plaintiff's federal claims or her right to sue under Title

VII.  Conversely, Title VII has no bearing on the time period within which a claimant must file

state law claims under the PHRA.  See Burgh, 251 F.3d at 475 (Finding that 43 Pa. C.S.A. §§

959(h) and 962(c)(2) "represent the complete legislative determination as to the appropriate

timing provisions under the PHRA").  Indeed, almost three pages later in a separate discussion,

the Albright Court addressed the plaintiff's PHRA claims.  Noting that "[a] civil action pursuing

a claim under the PHRA must be filed within two years after notice from the PHRC that it is

closing the complaint," the Court found that Albright's PHRA claims were timely filed because

5

they were brought well within two years of the first Notice she received from the PHRC.  Id. at 586.  Thus, neither Albright nor plaintiff's argument that there was no final agency action with respect to her state law claims until the EEOC issued its right to sue letter, provides a basis for permitting plaintiff's PHRA claims to go forward.

Finally, it appears that plaintiff's argument that dual filing with the PHRC and the EEOC "causes equitable tolling for statute of limitation purposes" is equally unavailing.  As argued by defendant, equitable tolling of statutes of limitations is appropriate where: (1) the defendant has actively mislead the plaintiff regarding the cause of action; (2) the plaintiff has been prevented in some extraordinary way from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights but mistakenly in the wrong forum.  Robinson v. Dalton, 107 F.3d 1018, 1024 (3d Cir. 1997).  Nothing in the complaint or in plaintiff's brief suggests that this case falls into one of these categories or that equitable tolling should otherwise apply.

Moreover, the cases upon which plaintiff relies are easily distinguishable from this case as in each instance the issue before the court was whether the plaintiff filed a complaint with the PHRC within the 180 days of the alleged discriminatory act as is required under 43 Pa. C.S.A. § 959(h).  See Brennan v. National Telephone Directory Corp., 881 F. Supp. 986, 998 (E.D. Pa. 1995) (Declining to find that the complaint plaintiff filed with the PHRC on the 182nd day after the alleged discrimination was untimely where the plaintiff had requested the EEOC to dually file the claim with the PHRC and the EEOC had assured the plaintiff that it would do so); Kasali v. J.P. Morgan/Chase Manahattan Mortgage Corp., 2005 WL 2989299 at *2-3 (E.D. Pa. Nov. 7, 2005) (Finding that equitable tolling was inapplicable as the plaintiff failed to request dual-filing within 180 days of the alleged discrimination and her claim was therefore time-

barred); Carter v. Philadelphia Stock Exchange, 1999 WL 715205 at *1 (E.D. Pa. August 25, 1999) (Finding that equitable tolling applied where the plaintiff had requested dual-filing in her cover letter, in the charge itself and on the form used by the EEOC for dual-filing requests). Thus, none of the cases cited by plaintiff provides support for her position that the two year limitations period within which suit must be filed as required under 43 Pa. C.S.A. § 962(c)(2) should be equitably tolled and her claims brought under the PHRA remain untimely.

Defendant also argues that plaintiff's claims for hostile work environment and retaliation brought pursuant to Title VII should be dismissed because she failed to exhaust her administrative remedies.

It is undisputed that before a plaintiff may seek judicial relief on a claim brought under Title VII, she must exhaust all administrative remedies which, in turn, requires the plaintiff to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days if the claimant also files a charge with a parallel state agency. Burgh, 251 F.3d at 469-70; Robinson v. Dalton, 107 F.3d at 1020. "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). Moreover, a Title VII plaintiff may not assert a claim in a lawsuit that was not included in her EEOC charge unless the investigation of the charged discrimination would fairly encompass the uncharged claim. Id. at 1295, quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984) (per curiam). See also Shaver v. Corry Hiebert Corp., 936 F. Supp. 313, 319 (W.D. Pa. 1996) ("To be allowed in a district court action, claims not presented to the EEOC

must usually allege not only discrimination on the same basis, but the same type of discriminatory behavior").

In the instant case, plaintiff's charge of discrimination filed with the PHRC and the EEOC alleges only that she was discriminated against because of her race when she was terminated for allegedly violating a company policy when other similarly situated Caucasian employees who violated the same policy were not terminated.  See Def. Exh. A: Charge of Discrimination, p. 2 [Doc. 6-3].  The charge is notably devoid of any claims that she was subjected to a hostile work environment or that she was retaliated against when she complained to Human Resources.

Disparate treatment claims and claims for hostile work environment and retaliation, however, have different elements and impose different burdens on the plaintiff.  A disparate treatment claim requires a showing that: (1) the plaintiff belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse job action occurred under circumstances that give rise to an inference of discrimination.  Wimberly v. Severn Trent Services, Inc., 2007 WL 666767 at *3 n.2 (E.D. Pa. February 26, 2007), citing Sarullo v. United States Postal Service, 352 F.3d 789, 797-98 (3d Cir. 2003), cert. denied, 541 U.S. 1064 (2004).  In contrast, to establish a hostile work environment under Title VII, the plaintiff must prove that: (1) she suffered intentional discrimination because of her race; (2) the discrimination was pervasive and regular; (3) it detrimentally affected her; (4) it would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability.  Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005).  Demonstrating a claim for retaliation under Title VII, imposes still yet a

different burden, requiring the employee to demonstrate that: (1) he or she engaged in a protected

employment activity, (2) his or her employer took an adverse employment action after or

contemporaneous with the protected activity, and (3) a "causal link" exists between the adverse

action and the protected activity.  Andreoli v. Gates, 482 F.3d 641, 649 (3d Cir. 2007).  Thus,

inquiry into whether plaintiff had a viable claim of discrimination when she was discharged for

allegedly violating a company policy when others who were similarly situated were not, is a very

different inquiry than whether plaintiff was subject to severe and pervasive discrimination and

whether she engaged in protected activity.  It therefore appears that the EEOC's investigation

into plaintiff's charge of disparate treatment would not fairly encompass her claims of hostile

work environment and retaliation and, hence, she has failed to exhaust her administrative

remedies with respect to those claims.  See Wright v. Philadelphia Gas Works, 2001 WL

1169108, at *3 (E.D. Pa. October 2, 2001) (Dismissing the plaintiff's Title VII claims of hostile

work environment and retaliation where plaintiff's charge of discrimination filed with the EEOC

alleged only racially motivated discharge).

Plaintiff does not dispute that her charge of discrimination fails to allege hostile

work environment or retaliation but, rather, argues generally that an EEOC complaint should not

be read too narrowly and that other courts have found that hostile work environment and

retaliation claims are within the scope of the EEOC's investigation.  Plaintiff also argues that

whether or not she has exhausted her administrative remedies is an affirmative defense that must

be pled and proven by a defendant and, therefore, is not an appropriate basis for dismissing her

claims at this juncture, particularly as she is entitled to discovery on her hostile work

environment claim since a "totality of the circumstances" standard applies.  Neither plaintiff's

arguments nor the cases upon which she relies, however, compel a different result.

        In <u>Ray v. Kertes</u>, 285 F.3d 287, 295 (3d Cir. 2002), and <u>Serrano v. Filino</u>, 2007

WL 626104, at *7 (W.D. Pa. February 23, 2007), for instance, which plaintiff has cited for the

proposition that failure to exhaust administrative remedies is an affirmative defense and, thus, is

not an appropriate basis for granting a motion to dismiss, the courts held only that a prisoner's

failure to exhaust his or her administrative remedies under the Prison Litigation Reform Act, 42

U.S.C. § 1997e (a), does not necessarily preclude a § 1983 action challenging prison conditions.

These cases, therefore, have no bearing on plaintiff's claims brought under Title VII and do not

negate the fact that a Title VII plaintiff must exhaust his or her administrative remedies before

judicial remedies may be sought.  <u>Burgh</u>, 251 F.3d at 469-70.

        As well, <u>West v. Philadelphia Electric Co.</u>, 45 F.3d 744, 756 (3d Cir. 1995), does

not stand for the proposition, as plaintiff has suggested, that a plaintiff is entitled to discovery,

and hence entitled to survive a motion to dismiss, every time a hostile work environment is

alleged simply because hostile work environment claims are to be adjudicated under a totality of

the circumstances test.  Rather, the Court in <u>West</u> merely found that in the case before it, the trial

court erred by limiting the evidence that the plaintiff could offer at trial to support her hostile

work environment claim since the law directs that hostile work environment claims are properly

addressed in the totality of the circumstances.  <u>Id.</u>

        Further, the fact that other courts have found that hostile work environment and

retaliation claims were within the scope of the EEOC's investigation does not require a similar

finding under the circumstances presented here.  Indeed, in <u>Miklos v. Principi</u>, 2006 WL

1438159 at *10 (W.D. Pa. March 16, 2006), the plaintiff brought claims of reprisal and change of duties in her first charge filed with the EEOC and alleged a hostile work environment, constructive discharge, retaliation and gender discrimination in her second charge.  Id.  Thus, the Court found that the plaintiff's retaliation based hostile work environment claims were fairly within the scope of the EEOC complaint because, unlike here, they were expressly raised in the EEOC charges.

Similarly, in Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 499 (W.D. Pa. 2007), the Court found that it was reasonable to conclude that the EEOC's investigation into the plaintiff's claims of retaliation would have encompassed her claims of harassment because the two claims were premised on the same facts.  Moreover, although the plaintiff failed to check the box for sexual harassment and sexual discrimination on the EEOC form and only checked the retaliation box, she nevertheless indicated on the form that the reprisal was for complaining of sexual harassment, that she had been subjected to sexual harassment and had even described specific instances of harassment.  Id.

Finally, we note that although plaintiff has cited Schouten v. CSX Transportation, Inc., 58 F. Supp. 2d 614, 617 (E.D. Pa. 1999), for the proposition that other courts have found hostile work environment and retaliation claims to be within the scope of the EEOC's investigation, the Schouten Court actually found that the plaintiff's claim for retaliation was properly dismissed for failing to exhaust her administrative remedies where her EEOC charge "contain[ed] no allegations which could remotely be construed as claims of retaliatory conduct."  Id.  Thus, none of the cases cited by plaintiff compels a finding that the EEOC's investigation into her claim for disparate treatment stemming from her termination would fairly encompass her

claims for hostile work environment and retaliation no matter how broadly her charge of discrimination is read.

     For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendant [Doc. No. 6] be granted.[2]

     Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objection shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/  Amy Reynolds Hay
                                        United States Magistrate Judge


Dated: 2 October, 2007


cc:     Hon. David Stewart Cercone
        United States District Judge

        All counsel of record by Notice of Electronic Filing

---

[2]Having found that defendant's motion is properly granted, we note that only plaintiff's disparate treatment claim brought under Title VII remains.

12